FILED BY ____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 14 AM 11: 06

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CLARK D. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-2016-D/V |
| ) | |
| TIME WARNER COMMUNICATIONS; ) | |
| UNIVERSAL COLLECTIONS SYSTEMS; ) | |
| NICHOLSON, HACKEL & NICHOLSON ) | |
| LAW FIRM; and DOUGLAS NICHOLSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT (Dkt# 29)

Before the Court is a motion to enforce settlement agreement by all Defendants. For the reasons set forth below, Defendants' motion is GRANTED.

On February 22, 2005, all Defendants made an Offer of Judgment to Plaintiff, pursuant to Rule 68 of the Federal Rules of Civil Procedure for the sum of $18,000.00. On March 4, 2005, Plaintiff's and Defendants' counsel agreed to execute a settlement agreement. Delivery of the settlement check was tendered to Plaintiff, and the check contained "settlement of all claims" language on its face. A Release and Consent Order of Dismissal with Prejudice were contemporaneously submitted to Plaintiff at that time. Plaintiff's counsel was instructed not to endorse the settlement check if the settlement was not agreeable. On March 30, 2005, Plaintiff

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____



moved the Court to enter judgment in this matter. On or about March 31, 2005, Plaintiff and his counsel endorsed and deposited the settlement check. On May 4, 2005, this Court entered judgment. To date, Plaintiff has not returned the Release or Consent Order of Dismissal with Prejudice documents to Defendants.

Plaintiff contends that the $18,000.00 check represented a Rule 68 Offer of Judgment and not settlement proceeds. Brock v. Scheuner Corp., 841 F.2d 151 (6th Cir. 1988), provides that a settlement agreement is enforceable even where the agreement has not been reduced to writing, and courts have the authority and equitable power to enforce these agreements. Brock, 841 F.2d at 154. The Court heard arguments of counsel in open court on the matter. The Court finds that the language "settlement of all claims" of the front of the check was clear and unambiguous, that the check represented settlement proceeds. By negotiating the check, Plaintiff accepted the funds as settlement proceeds. Accordingly, this Court vacates its May 4, 2005, entry of judgment in this matter and dismisses the case based on the parties' settlement agreement.

**IT IS SO ORDERED** this 13th day of July, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:03-CV-02016 was distributed by fax, mail, or direct printing on July 15, 2005 to the parties listed.

---

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

William T. Winchester
THE LAW OFFICES OF WILLIAM T. WINCHESTER
2600 Poplar Ave.
Ste. 507
Memphis, TN 38112

Keith Wier
DAW & RAY, PC
5718 Westheimer
Ste. 1750
Houston, TX 77057

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Steven M. Markowitz
LAW OFFICE OF STEVEN M. MARKOWITZ
45 S. Idlewild
Ste. 509
Memphis, TN 38104

Mark L. Lester
DAW & RAY, PC
5718 Westheimer
Ste. 1750
Houston, TX 77057

Honorable Bernice Donald
US DISTRICT COURT